**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **DUANE GRIMES, on behalf of himself and on behalf of all others similarly situated,** | § § § § | |
| Plaintiff, | § § | |
| v. | § § | **CIVIL ACTION NO. 1:22-cv-01598** <br> **JURY TRIAL DEMANDED** |
| **KERAMIDA ENVIRONMENTAL, INC.,** | § § § | |
| Defendant. | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

1. Defendant Keramida Environmental, Inc. ("Defendant") required Duane Grimes ("Plaintiff") to work more than forty hours in a workweek without overtime compensation. Defendant misclassified Plaintiff and other similarly situated workers throughout the United States as exempt from overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

3. Defendant's failure to proper overtime to its workers in Indiana also violates the Indiana Minimum Wage Law ("IMWL"), I.C. § 22-2-2 *et seq*., and the Indiana Wage Payment Statute (IWPS), I.C. § 22-2-5 *et seq*. Plaintiff brings this action as a class action pursuant to

1

Federal Rule of Civil Procedure 23 on behalf all similarly situated workers in Indiana, referred to herein as the "Indiana Class."

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District because a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

6. Defendant is headquartered in Indianapolis, Indiana.

## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Duane Grimes is an individual residing in Camden County, Missouri. Plaintiff's written consent to this action is attached hereto as Exhibit "1." Plaintiff performed work for Defendant within the last three years for which he did not receive the FLSA's required overtime.

8. The FLSA Class Members are all current and former inspectors, and all employees in substantially similar positions, that worked at any time during the three-year period before the filing of this Complaint that were paid on a day rate.

9. The Indiana Class Members are all current and former inspectors, and all employees in substantially similar positions, that worked at any time during the three-year period before the filing of this Complaint in the State of Indiana that were paid on a day rate.

10. Defendant Keramida Environmental, Inc. is a corporation organized under the laws of Indiana. Defendant may be served process through its registered agent Dan Strahl, Eight W. Main Street, Greenfield, Indiana 46140.

## COVERAGE UNDER THE FLSA

11. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

12. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

13. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

14. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

15. At all material times, Plaintiff and FLSA Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

16. Defendant Keramida Environmental, Inc. provides environmental inspection and compliance monitoring services for its customers in the energy industry.

17. Vicki Keramida is the owner of Defendant Keramida Environmental, Inc.

18. Mack Overton is Plaintiff's day-to-day manager at Defendant.

19. Plaintiff began working for Defendant in February of 2021. Plaintiff is currently employed by Defendant.

20. Plaintiff worked for Defendant on numerous projects throughout Indiana, primarily a Northern Indiana Public Service Company ("NiSource") natural gas pipeline.

21. Jason Lietz handles environmental compliance for NiSource. He is Plaintiff's supervisor.

22. Plaintiff's job title while working for Defendant was inspector.

23. As an inspector, Plaintiff was responsible for observing excavation, backfill, and other aspects of construction to ensure that the activities of the contractors on the jobsite conformed with the environmental permits that governed the construction.

24. For his labor, Defendant paid Plaintiff a day rate but did not pay him overtime for his hours in excess of forty per week. In other words, Defendant misclassified Plaintiff as exempt.

25. Plaintiff was paid a day-rate.

26. Defendant paid dozens of other inspectors classified as employees throughout the United States on the same day rate compensation system as Plaintiff.

27. Defendant employs a variety of inspectors that it pays a day rate.

28. Plaintiff and other inspectors commonly work in excess of 12 hours each day.

29. Inspectors usually work five to six days each week, for a schedule that equates into workweeks well exceeding 40 hours.

30. However, despite working overtime hours, Defendant does not pay its inspectors overtime because it pays the same flat day rate regardless on the number of hours worked.

31. No exemption in the FLSA shelters Defendant from paying overtime to its inspectors.

32. Inspectors like Plaintiff are not guaranteed a set number of days to work per week.

33. Inspectors like Plaintiff are not guaranteed a set weekly payment.

34. If Plaintiff did not work a day, he would not be paid for that day.

35. Inspectors are paid on a day rate basis, not on a salary basis.

36. Plaintiff was paid on a day rate basis, not on a salary basis.

37. Plaintiff was not paid time-and-a-half for all hours worked over forty in a given workweek.

38. Plaintiff worked overtime as defined in the FLSA.

39. Other inspectors employed by Defendant worked overtime as defined in the FLSA.

40. Because inspectors are paid on a day rate, the executive, administrative, or professional exemptions cannot apply. *See* 29 C.F.R. §§ 541.100, 541.200, 541.300.

41. Inspectors do not supervise other employees or manage a customarily recognized department of Defendant's company.

42. Inspectors have no authority to hire or fire other employees.

43. Inspectors are field employees, not office employees. They perform work related to Defendant's core business, not the management of the company's operations.

44. Inspectors also perform extensive physical labor to perform their inspection work.

45. The primary duty of an inspector does not require independent judgment or discretion. Instead, inspectors are required to carry out their inspections according to detailed step-by-step procedures promulgated by Defendant or Defendant's customers.

46. The FLSA's regulations even provide that inspection work is non-exempt work:

> Ordinary inspection work generally does not meet the duties requirements for the administrative exemption. Inspectors normally perform specialized work along standardized lines involving well-established techniques and procedures which may have been catalogued and described in manuals and other sources. Such inspectors rely on techniques and skills acquired by special training or experience. They have some leeway in the performance of their work but only within closely prescribed limits.

29 C.F.R. 541.203(g).

47. Inspectors are not computer-systems analysts, computer programmers, software engineers, or other similar employees.

48. Despite these facts, Defendant misclassified its inspectors as exempt from overtime pay.

49. As a result of Defendant's pay policies, Plaintiff and other inspectors were denied overtime pay.

50. Plaintiff was economically dependent and relied upon Defendant for work and compensation.

51. Defendant set Plaintiff's rate of pay, his work schedule, and effectively prevented him from working other jobs for other companies while employed by Defendant.

52. Plaintiff worked in accordance with the schedule set by Defendant.

53. Plaintiff was unable to subcontract out the work he was assigned by Defendant.

54. Plaintiff had to follow the polices of Defendant and the policies of Defendant's customers, such as NiSource.

55. Plaintiff had to adhere to the quality standards put in place by Defendant and Defendant's customers.

56. Plaintiff did not substantially invest in the equipment or tolls required to complete the overall job to which he was assigned. Instead, Defendant provided Plaintiff with the equipment, programs, and facilities necessary for him to perform the work.

57. While employed by Defendant, Plaintiff worked exclusively for Defendant.

58. Defendant controlled Plaintiff's pay.

59. Defendant controlled Plaintiff's work.

60. Plaintiff was not required to possess any unique or specialized skillset, other than that maintained by all other workers in their respective positions, to perform his job duties.

61. Defendant knew or showed reckless disregard for whether Plaintiff and the other inspectors were entitled to overtime pay under the law.

## COLLECTIVE ACTION ALLEGATIONS

62. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

63. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

64. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant. Plaintiff personally worked with other inspectors under the same compensation structure at multiple job sites for Defendant.

65. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

66. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

67. Defendant misclassified and continues to misclassify FLSA Class Members as exempt employees.

68. Defendant pays all of its inspectors employed three years prior to the filing of this complaint to present on a day rate basis.

69. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

70. Plaintiff had the same or similar job duties as other employees of Defendant who had the same job title as Plaintiff and worked for Defendant at any time during the three years prior to the filing of this lawsuit.

71. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

72. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

73. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of any FLSA Class Member.

74. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Class Members.

75. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

76. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

77. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

## CLASS ACTION ALLEGATIONS

78. The illegal practices Defendant imposed on Plaintiff were likewise imposed on the Indiana Class members.

79. Numerous other individuals who worked for Defendant were not properly compensated for all hours worked, as required by Indiana law.

80. The Indiana Class is so numerous that joinder of all members of the class is impracticable.

81. Defendant imposed uniform practices and policies on Plaintiff and the Indiana Class members regardless of any individualized factors.

82. Based on his experience and tenure with Defendant, Plaintiff is aware that Defendant's illegal practices were imposed on the Indiana Class members.

83. Indiana Class members were all not timely paid proper overtime when they worked in excess of 40 hours per week.

84. Defendant's failure to pay wages and overtime compensation in accordance with Indiana law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Indiana Class members.

85. Plaintiff's experiences are therefore typical of the experiences of the Indiana Class members.

86. Plaintiff has no interest contrary to, or in conflict with, the members of the Indiana Class. Like each member of the proposed class, Plaintiff has an interest in obtaining the unpaid wages and other damages owed under the law.

87. A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

88. Absent this action, many Indiana Class members likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating Indiana law.

89. Furthermore, even if some of the Indiana Class members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

90. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

91. The questions of law and fact common to each of the Indiana Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Plaintiff and the Indiana Class members were paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

   b. Whether Defendant's failure to pay Plaintiff and the Indiana Class members their proper overtime rates overtime violated the IMWL;

   c. Whether Defendant paid Plaintiff and the Indiana Class members all wages due within the period of time allowed by the IWPS;

   d. Whether Defendant's failure to timely pay wages to Plaintiff and the Indiana Class members violated the IWPS.

92. Plaintiff's claims are typical of the Indiana Class members. Plaintiff and the Indiana Class members have all sustained damages arising out of Defendant's illegal and uniform employment policies.

93. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

94. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

## CAUSES OF ACTION

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207

95. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

96. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

97. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA Class Members.

**COUNT TWO: VIOLATIONS OF THE IMWL**

98. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

99. The conduct alleged in this Complaint violates the IMWL, I.C. § 22-2-2-1 *et seq.*

100. At all relevant times, Defendant has been an "employer" within the meaning of the IMWL. I.C. § 22-2-2-3.

101. At all relevant times, Defendant employed Plaintiff and the other Indiana Class members as "employees" within the meaning of the IMWL. I.C. § 22-2-2-3.

102. At all relevant times, Defendant employed two or more employees each week.

103. The IMWL requires an employer like Defendant to pay overtime to all non-exempt employees. I.C. § 22-2-2-4(f).

104. Plaintiff and the other Indiana Class members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked at a rate of no less than 1.5x their regular rate. I.C. § 22-2-2-4(f).

105. Within the applicable limitations period, Defendant had a policy and practice of failing to pay proper overtime to the Indiana Class members for their hours worked in excess of 40 hours per week.

106. As a result of Defendant's failure to pay proper overtime to Plaintiff and the Indiana Class members for work performed in excess of 40 hours in a workweek, Defendant violated the IMWL.

### COUNT THREE: VIOLATIONS OF THE IWPS

107. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

108. The conduct alleged in this Complaint violates the IWPS, I.C. § 22-2-5 et seq.

109. At all relevant times, Defendant has been an "employer" within the meaning of the IWPS.

110. At all relevant times, Defendant employed Plaintiff and the Indiana Class members as "employees" within the meaning of the IWPS.

111. Defendant failed to pay earned wages and overtime to Plaintiff and the Indiana Class Members.

112. Defendant failed to pay the wages earned by Plaintiff and the Indiana Class members within 10 business days. I.C. § 22-2-5-1(b).

113. Defendant had a policy and practice of failing make timely payments to the Plaintiff and the Indiana Class members.

114. Defendant did not act in good faith in failing to pay earned wages to Plaintiff and the Indiana Class members and in violating the IWPS.

115. As a result of Defendant's failure to pay earned wages to Plaintiff and the Indiana Class members within the time required by the IWPS, Defendant violated the IWPS.

116. Plaintiff and the Indiana Class members are entitled to recover all wages due to them, liquidated damages in an amount equal to 2x of the wages due to them, attorneys' fees, costs, and all other legal and equitable relief provided under the IWPS. I.C. § 22-2-5-2.

## **PRAYER**

For these reasons, Plaintiff prays for:

a. For an order certifying a collective action for the FLSA claims;

b. For an order certifying a class action for the Indiana law claims;

c. For an order finding Defendant liable for violations of federal wage laws with respect to Plaintiff and all FLSA Collective members covered by this case;

d. For an order finding Defendant liable for violations of Indiana wage laws with respect to Plaintiff and all Indiana Class members covered by this case;

e. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Plaintiff and all FLSA Collective members covered by this case;

f. For a judgment awarding all unpaid wages, liquidated damages, and penalties under Indiana wage laws to Plaintiff and all Indiana Class members covered by this case;

g. For a judgment awarding attorneys' fees to Plaintiff and all FLSA Collective and Indiana Class members covered by this case;

h. For a judgment awarding costs of this action to Plaintiff all FLSA Collective and Indiana Class members covered by this case;

i. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Plaintiff and all FLSA Collective and Indiana Class members covered by this case; and

j. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Matthew S. Parmet*
    **Matthew S. Parmet**
    TX Bar # 24069719
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone  713 999 5228
matt@parmet.law

**John Neuman**
(will apply for admission *pro hac vice*)
**SOSA-MORRIS NEUMAN, PLLC**

13

>JNeuman@smnlawfirm.com
>Texas State Bar No. 24083560
>5612 Chaucer Drive
>Houston, Texas 77005
>Telephone: (281) 885-8630
>Facsimile: (281) 885-8813
>
>ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

>*/s/ Matthew S. Parmet*
>_____
>**Matthew S. Parmet**