UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


DUANE GRIMES,                                          )
                                                       )
                    Plaintiff,                         )
                                                       )
            v.                                         )        No. 1:22-cv-01598-JRS-MJD
                                                       )
KERAMIDA ENVIRONMENTAL, INC.,                          )
                                                       )
                    Defendant.                         )


**ORDER ON MOTION TO COMPEL**

This matter is before the Court on Defendant's motion to compel. [Dkt. 50.] The Court,

being duly advised, **GRANTS** the motion for the reasons set forth below.

## I.        Background

The following facts are taken from Plaintiff's Complaint, which the Court accepts as true

for the purposes of this motion. *Bible v. United Student Aid Funds, Inc*., 799 F.3d 633, 639 (7th

Cir. 2015).  Plaintiff alleges in his Complaint that while employed as an inspector by Keramida,

he was required to work more than forty hours in a given workweek without overtime

compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201. *et seq*,

the Indiana Minimum Wage Law ("IMWL"), I.C. § 22-2-2 *et seq*., and the Indiana Wage

Payment Statute ("IWPS"), I.C. § 22-2-5 *et seq*.  At all relevant times, Plaintiff was employed by

Keramida and Keramida deposited payment into Plaintiff's Cornerstone Trust account

("Cornerstone"), through which Plaintiff was paid his salary.

During the deposition of Plaintiff, Keramida requested information about Cornerstone. Plaintiff has agreed only to provide "his bank account records for the trust for the period when he performed work for Defendant after the entry of an agreed protective order that protects the confidential nature of those records." Keramida has served five requests for production:

> **REQUEST NO. 1:** All documents concerning or related to the creation and ongoing operation of the Cornerstone Trust.
>
> **REQUEST NO. 2:** All contracts and/or agreements between Plaintiff and the Cornerstone Trust.
>
> **REQUEST NO. 3:** All documents concerning or related to the payment of wages and/or compensation by the Cornerstone Trust to Plaintiff related to work performed by the Cornerstone Trust/Plaintiff for Defendant during the time period of January 1, 2012, to the present.
>
> **REQUEST NO. 4:** All documents concerning or related to Plaintiff's employment relationship with the Cornerstone Trust from January 1, 2012, to the present.
>
> **REQUEST NO. 5**: All bank records, i.e., account statements, account opening records and account ownership records, for the Cornerstone Trust for the time period of January 1, 2012, to the present.

Generally, Plaintiff objects to all five requests, stating that they are irrelevant, not proportional to the needs of the case, harassing, overly broad, and unduly burdensome. The Court disagrees.

## II.     Applicable Law

Federal Rule of Civil Procedure 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Relevant information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and where "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevance in discovery is broader than relevance at trial; during discovery, 'a broad range of potentially useful information should be allowed' when it pertains to issues raised by the parties' claims." *Bank of Am., Nat'l Ass'n v. Wells Fargo Bank, N.A.*, 2014 WL 3639190, at *3 (N.D. Ill. July 23, 2014) (quoting *N.L.R.B. v. Pfizer, Inc.*, 763 F.2d 887, 889-90 (7th Cir. 1985)).

A party may seek an order to compel discovery when an opposing party provides evasive or incomplete responses to interrogatories. Fed. R. Civ. P. 37(a)(3), (4).  Although the burden of demonstrating relevance is on the party seeking discovery, once relevance has been shown, it is the objecting party's obligation "to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection Dist.,* 235 F.R.D. 447, 449-50 (N.D. Ill. 2006).  The objecting party must show with specificity that the request is improper. *Graham v. Casey's General Stores,* 206 F.R.D. 251, 254 (S.D. Ind. 2002); *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009); *In re Aircrash Disaster Near Roselawn, Inc. Oct. 31, 1994,* 172 F.R.D. 295, 307 (N.D. Ill. 1997).  Thus, general objections to discovery requests that merely recite boilerplate language without explanation do not meet this burden, and courts within the Seventh Circuit consistently overrule them or entirely disregard such. *See Novelty, Inc. v. Mountain View Mktg.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009) ("'general objections' made without elaboration, whether placed in a separate section or repeated by rote in response to each requested category, are not 'objections' at all—and will not be considered").  Indeed, "[m]aking general objections is a dangerous practice, as the party who offers such general objections runs

the risk of having them summarily denied." *Avante Int'l Tech., Inc. v. Hart Intercivic, Inc.*, 2008

WL 2074093, at *2 (S.D. Ill. 2008).

> In addition,

> [a] party resisting discovery on the basis of undue burden must show with specificity that the discovery requests a[t] issue are objectionable. *See, e.g. Fair Oaks Dairy Farms,* 2012 WL 3138108 at *3 ("Dairy Farms has not pointed to a single discovery request that it alleges would be overly burdensome. . . . Dairy Farms simply states that the discovery would be burdensome and expensive without greater detail. The insufficiencies are fatal to its request."); *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC,* 2007 WL 1164970 at *4 (N.D. Ind. Apr. 18, 2007) (quotation omitted) ("[I]f a party is to resist discovery as unduly burdensome, it must adequately demonstrate the nature and extent of the claimed burden by making a specific showing as to how disclosure of the requested documents and information would be particularly burdensome."). This showing typically requires affidavits or other evidence supporting a party's assertions of burden. *See, e.g., Jenkins v. White Castle Mgmt. Co.,* 2014 WL 3809763 at *2 (N.D. Ill. Aug. 4, 2014) ("What is required is affirmative proof in the form of affidavits or record evidence."); *Burton Mech. Contractors, Inc. v. Foreman,* 148 F.R.D. 230, 233 (N.D. Ind. 1992) ("An objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence.").

*Whole Woman's Health All. v. Hill*, 2019 WL 10886889, at *3 (S.D. Ind. Oct. 7, 2019). These

general principles govern the Court's consideration of the parties' arguments.

### III.    Discussion

In response to each of Defendant's requests, Plaintiff's objections can be summarized as

the following:

> (1) The requests are not proportional to the needs of the case because the information sought is not relevant to any party's claims or defenses;

> (2) The request is harassing and needlessly invades Plaintiff's privacy;[1]

> (3) The request does not seek documents relevant to the Court's analysis of the economic realities of Plaintiff's status as an employee or independent

---

[1] To the extent Plaintiff may have a privacy interest in any of the information sought, the Court has entered a protective order to protect the confidentiality of such information [Dkt. 56], and Plaintiff may designate documents produced as "Confidential" pursuant to that order as appropriate.

contractor;

(4) Requests 2 and 4 only – The requests assume facts not in evidence, "namely that Plaintiff ever had or does have an "employment" relationship with the trust";

(5) Request 3 only – the request assumes facts not in evidence, "namely that the trust ever paid Plaintiff wages and/or compensation";

(6) Requests 1-4, and 5 in part – overly broad and unduly burdensome with regard to a request for "all documents" and vague with regards to requests for "related to" and "agreements"; and,

(7) Requests 1-4 only – the information sought could have been obtained through less intrusive means such as interrogatories focused on the nature of Plaintiff's trust or through testimony at his deposition.

[Dkt. 50-1.]

Plaintiff has placed the Cornerstone Trust at issue by placing Cornerstone in the middle of the relationship of Plaintiff and Defendant. As discussed above, the bar of relevancy in discovery cases is far below the bar for trial, and information such as the information that Keramida seeks is both useful and discoverable. The information is relevant as Plaintiff stated during his testimony that he is the only employee of Cornerstone. He further stated that Cornerstone "takes care of…any bills that might… accrue or taxes or anything like that." This information relates directly to the employee versus independent contractor issue which cannot be resolved without the requested information, especially because Plaintiff, during testimony, claimed that he is an employee of Keramida, yet also is compensated for his independent contractor work through a 1099 form that is received by Cornerstone. The information sought by Keramida is directly proportional to the needs of the case, as it is highly related to the main issue at hand.

Further, in objecting to a discovery request, Plaintiff has the burden of showing the lack of proportionality or the burden he faces in producing that discovery. Here, Plaintiff has done nothing more than make a blanket statement that the request is unduly burdensome or non-proportional. Simply making "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" is not enough. *Burkybile v. Mitsubishi Motors, Corp.*, 2006 WL 2325506 at *6 (N.D. Ill. 2006) (internal citations omitted). Plaintiff has failed to meet his burden of demonstrating that the requests are not proportional.

Keramida's requests are neither vague or ambiguous, and seek relevant information that is directly proportional to the needs of the case.

### IV.    Conclusion

Defendant's motion to compel [Dkt. 50] is **GRANTED** as to all requests. Plaintiff shall respond completely and unequivocally to Document Requests No. 1-5, **on or before September 5, 2023**. Defendant may file any motion for attorney fees **on or before September 5, 2023**.

SO ORDERED.

Dated:  22 AUG 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.