UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DUANE GRIMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01598-JRS-MJD |
| | ) | |
| KERAMIDA ENVIRONMENTAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT**

This matter is before the Court on the motion of Plaintiff Keramida Environmental, Inc., ("Keramida") for leave to file a third party complaint. [Dkt. 42.] For the reasons set forth below, the motion is **DENIED**.

**I.   Background**

The following facts are taken from Plaintiff's Complaint, which the Court accepts as true for the purposes of this motion. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). Plaintiff alleges in his Complaint that while employed as an inspector by Keramida, he was required to work more than forty hours in a given workweek without overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201. *et seq*, the Indiana Minimum Wage Law ("IMWL"), I.C. § 22-2-2 *et seq*., and the Indiana Wage Payment Statute ("IWPS"), I.C. § 22-2-5 *et seq*.  At all relevant times, Plaintiff was employed by Keramida and Keramida deposited payment into Plaintiff's Cornerstone Trust account ("Cornerstone"), through which Plaintiff was paid his salary.

Keramida now asks the Court for leave to file a third party complaint against Cornerstone, alleging that Cornerstone is responsible for the overtime payment owed to Plaintiff. Keramida suggests Cornerstone impliedly agreed to pay Plaintiff for his overtime compensation through implied indemnity. Through that theory, Keramida requests indemnification from Cornerstone.

## II.  Discussion

Rule 14 of the Federal Rules of Civil Procedure provides that "a defending party may, as third party plaintiff, serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A third-party complaint must be brought at the same time the third-party plaintiff serves its answer or within 14 days after serving its original answer. *Id.* Otherwise, leave of court must be obtained. *Id.* Here, Keramida's Answer was filed September 20, 2022, and the deadline for filing motions for leave to amend pleadings or to join additional parties was December 5, 2022. [Dkt. 12; Dkt. 18 ¶ III(D).] This motion comes seven months after the latter deadline. In order to for the untimeliness to be excused by the Court, Keramida must satisfy both Rule 15 and Rule 16. *See Am. Fam. Ins. Co. v. Hewlett-Packard Co.*, No. 1:10-CV-01124-JMS, 2011 WL 4550155, at *1 (S.D. Ind. Sept. 28, 2011).

Pursuant to Fed. R. Civ. P. 15(a), a "court should freely give leave [to amend] when justice so requires." While the standard for granting leave to amend under Rule 15 is a liberal one, that standard must be reconciled with the deadlines established in the scheduling order as governed by Fed. R. Civ. P. 16(b). *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Under Rule 16(b), a pleading can only be amended after the expiration of the court's deadline to amend pleadings "for good cause." Fed. R. Civ. P. 16(b)(4). In reconciling these two rules, the Seventh Circuit has held that it is proper for a court to first consider whether the moving party

meets the heightened "good cause" standard under Rule 16(b)(4) before examining whether the amendment is proper under Fed. R. Civ. P. 15(a). *Alioto,* 651 F.3d at 719; *see also Riggins v. Walter,* 279 F.3d 422, 428 (7th Cir. 1995) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)) ("[The] court must first find good cause for amendment under Rule 16(b) before considering propriety of amendment under Fed. R. Civ. P. 15.").

Rule 16's "good cause" standard for leave to amend "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (quoting *Johnson,* 975 F.2d at 609); *Tschantz v. McCann,* 160 F.R.D. 568, 571 (N.D. Ind. 1995) ("[A] party must show that despite their diligence the time table could not have reasonably been met."). Specifically, the Seventh Circuit has held that the requisite diligence is not established if delay is shown and the movant provides no reason, or no good reason, for the delay. *See Alioto,* 651 F.3d at 719-20; *see also Edmonson v. Desmond,* 551 F. App'x 280, 282 (7th Cir. 2014) ("[Movant] has not offered any reason, let alone a good one, why he waited more than a month after the close of discovery to file his motions to amend."). Ultimately, "the decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Brunt v. Serv. Employees Int'l Union,* 284 F.3d 715, 720 (7th Cir. 2002).

Keramida has failed to show good cause or reason for the untimely filing of this motion. As Plaintiff points out, Keramida filed this motion seven months after the deadline to amend pleadings in this case. Defendant claims it did not realize the purported validity of a third party complaint until after that deadline, due to Plaintiff's "nefarious scheme." However, Defendant has known of the Cornerstone Trust since before the original filing of the case because it paid Plaintiff's compensation to Cornerstone. Plaintiff's testimony that he only worked for

Cornerstone during the relevant period is entirely consistent with Keramida's defense of this case. While the recent deposition of the Plaintiff may have catalyzed Defendant's desire to file a third party complaint, the fact is that all of the essential material allegations in the proposed third party complaint were known to Keramida on the day its answer was filed in 2022. [Dkt. 42-1.] To the extent a third party complaint against Cornerstone might be proper, Defendant has offered no reason for its failure to timely file that claim. If Keramida had done its diligence, it would have clearly understood Cornerstone's role, as it should have from the beginning, because it had been working with Cornerstone the entire time. The time to amend or join parties is long past.

Even if this motion was timely, in order to proceed against a third party defendant, the third party defendant must be "secondarily liable" to the third party plaintiff. *U.S. Gen, Inc. v. City of Joliet*, 598 F.2d 1050, 1053 (7th Cir. 1979). As Plaintiff points out, there is nothing in the FLSA which allows an employer to seek indemnification from third parties. *See Strauss v. Italian Vill. Rest., Inc.*, 2012 WL 5389746, at *4 (N.D. Ill. Nov. 2, 2012). If such was the case, employers would be able to contract away their responsibilities required by the FLSA for overtime compensation. Although there does not appear to be Seventh Circuit authority on this issue, the Court finds persuasive the opinions of various other circuit courts, as well as opinions from the Northern District of Illinois, which have held that seeking indemnity from a third party in a case such as this "would frustrate Congress' purpose in enacting the FLSA, since an employer who believed that any violation of the statute's overtime or minimum wage provisions could be recovered from its employees would have a diminished incentive to comply with the statute." *Emanuel v. Rolling in the Dough, Inc.*, 2010 WL 4627661, at *3 (N.D. Ill. Nov. 2, 2010).

While the Seventh Circuit has not directly ruled on this issue, many other circuits have routinely rejected claims seeking indemnity or contribution for FLSA liability, as they would "undermine employers' incentives to abide by the Act." See *Lyle v. Food Lion*, 954 F.2d 984, 987 (4th Cir. 1992) (affirming dismissal of an employer's counterclaim and third-party complaint for indemnity against the plaintiff for the plaintiff's FLSA claims) citing *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986) (holding that engrafting "an indemnity action upon this otherwise comprehensive federal statute would run afoul of the Supremacy Clause of the Constitution"); *Wirtz v. Bledsoe*, 365 F.2d 277, 278 (10th Cir. 1981) (FLSA purpose cannot be frustrated by contract); *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1408 (10th Cir. 1992) (holding that an employer's third-party complaint seeking indemnity from employee for alleged FLSA violations was preempted); *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 144 (2nd Cir. 1999) (affirming dismissal of corporate chairman's claims for contribution and indemnification against his-co-owner and the corporation's manager and vice president)); *see also Scalia v. Employer Sols. Staffing Grp., LLC*, 951 F.3d 1097, 1105 (9th Cir. 2020) (rejecting an implied cause of action for contribution or indemnification under the FLSA or federal common law). See *Dobrov v. Hi-Tech Paintless Dent Repair, Inc.*, No. 1:20-CV-00314, 2021 WL 1212796, at *7 (N.D. Ill. Mar. 31, 2021).

As Plaintiff points out, the *Dobrov* case is very analogous to the case here. There, the plaintiff brought a claim under the FLSA for the defendant's failure to pay employees overtime wages. See *Dobrov*, 2021 WL 1212796, at *6 (N.D. Ill. Mar. 31, 2021). The defendant filed a third party complaint against the plaintiff's company alleging that the company was liable to the defendant through an indemnity theory. *Id.* In *Dobrov*, the court, consistent with the numerous cases it relied upon found the defendant's claims to be meritless, as a third party complaint

"would contravene federal law and be preempted by the Supremacy Clause of the Constitution."

*Id.*

If Defendant were able to escape liability for violations of the FLSA by passing off responsibilities to a different party, the FLSA's purpose would effectively dissolve. It would encourage employers to commit violations of the FLSA and any protections awarded to employees under the FLSA would no longer be available. As such, Defendant cannot use a claim against the Cornerstone trust to escape any overtime compensation requirements under the FLSA that might exist.

With regard to Keramida's fraud claim, because this is not a valid third party claim, the claim cannot be brought through a third party complaint.

### III.  Conclusion

For the reasons set forth above, the Court finds that Keramida's third party complaint is untimely and, even if it was timely, that Keramida's claim of indemnity against Cornerstone would frustrate the purpose of the FLSA, and therefore is not a proper third party claim. Accordingly, Keramida's motion for leave to file a third party complaint [Dkt. 42] is **DENIED**.

SO ORDERED.

Dated:  23 AUG 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.